UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LESLIE J. LEFF and RONNIE H. LEFF,

                        Plaintiffs,            |     Civil Action No. 08C 0733

             -against-                |     Judge Robert M. Dow Jr.

DEUTSCHE BANK AG, and DEUTSCHE BANK
SECURITIES, INC., D/B/A DEUTSCHE BANK
ALEX. BROWN, a DIVISION of DEUTSCHE
BANK SECURITIES, INC.;

                        Defendants.

JOINT INITIAL STATUS REPORT

       Plaintiffs Leslie J. Leff and Ronnie H. Leff (the "Leffs") and Defendants Deutsche Bank

AG and Deutsche Bank Securities, Inc. d/b/a Deutsche Bank Alex. Brown or BT Alex. Brown

(collectively, "Deutsche Bank"), through their respective counsel, submit this Joint Initial Status

Report pursuant to this Court's Standing Order and this Court's Order dated February 15, 2008.

A.  Attorneys of Record:

| | |
|---|---|
| Patrick J. O'Brien | David S. Pegno |
| O'Brien & O'Brien, P.C. | Dewey Pegno & Kramarsky LLP |
| 55 W. Wacker Drive, Suite 900 | 220 East 42nd Street |
| Chicago, Illinois 60601 | New York, NY 10017 |
| Attorneys for Plaintiffs | Attorneys for Plaintiffs |
| | |
| Seth C. Farber | Erin Ziaja |
| Benjamin Sokoly | Dewey & LeBoeuf LLP |
| Dewey & LeBoeuf LLP | Two Prudential Plaza, Suite 3700 |
| 1301 Avenue of the Americas | 180 North Stetson Avenue |
| New York, NY 10019 | Chicago, Illinois 60601 |
| Attorneys for Defendants | Attorneys for Defendants |

B.  Basis for Federal Jurisdiction:  The Complaint states that this Court has subject matter

jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.  Complete diversity exists between

the parties and the amount in controversy is over $75,000 exclusive of costs and interest.

C.  Nature of the Claims Asserted in the Complaint

      **Plaintiffs' Statement:**  Defendants, acting with others, induced them to engage in

fraudulent tax shelters.  Defendants failed to inform the Leffs that the tax shelters lacked economic substance, and would therefore be deemed illegitimate by the IRS.  To the contrary, Defendants and those working with them at all times inaccurately advised the Leffs that the shelters were legitimate transactions that had economic substance and would withstand scrutiny by the authorities.

Defendants, together with attorneys at Jenkens & Gilchrist, developed and marketed the "COBRA" foreign options trading strategy to the Leffs and many others, in which Defendants artificially generated substantial tax losses for the Leffs, though there was no economic losses or risk.  The next year, Defendants helped formulate "PICO," a similar strategy to COBRA that involved foreign currency trading, and which again lacked economic substance.  Defendants, together with Bricolage Capital LLC, developed and marketed the PICO tax shelter to the Leffs.

Defendants generated large fees as a result of their role in the COBRA and PICO tax shelters.  The Leffs were inevitably audited by the IRS, and after settlement paid large sums of taxes, penalties and interest.

**Defendants' Statement:**  Plaintiffs are sophisticated businessmen who, in an effort to avoid liability on taxes on their considerable wealth, repeatedly engaged in tax-related transactions over the course of several years.  As alleged in the Complaint, after being approached by a financial advisor in Atlanta, Plaintiffs first entered into a series of transactions that resulted in tax losses for the 1998 tax year.  The following year, Plaintiffs were approached by the law firm of Jenkens & Gilchrist and again entered into a series of transactions designed to generate tax losses for the 1999 tax year (the "Digital Options Strategy").  In 2000, Plaintiffs once again sought means to reduce or eliminate their tax obligations and allegedly "looked into working" with another entity to reduce their taxes for the 2000 tax year (the "PICO Strategy").  After enjoying the benefits of the resulting tax savings from the implementation of these strategies, Plaintiffs were subsequently audited by the Internal Revenue Service for the losses claimed resulting from the Digital Options and PICO Strategies.  Plaintiffs later commenced this action, asserting claims for (i) breach of fiduciary duty and aiding and abetting breach of fiduciary duty; (ii) negligent misrepresentation; (iii) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, (iv) fraud, aiding and abetting fraud and conspiracy to defraud; (v) breach of contract and (vi) negligence.

Deutsche Bank denies having committed any wrongdoing, asserts multiple defenses and

denies all allegations of liability and damages. Plaintiffs knowingly engaged in the transaction at issue and assumed the risk of any adverse consequences. In addition, Plaintiffs expressly disclaimed any reliance upon Deutsche Bank and the existence of a fiduciary relationship in various documents executed in connection with the Digital Options and PICO Strategies. Plaintiffs also executed documents with Deutsche Bank as part of the tax strategies containing exculpatory clauses and limitations on damages, thus preventing Plaintiffs from recovering the windfall damages they seek.

D.  <u>Parties Not Served</u>:  All parties have been properly served.

E.  <u>Principal Legal Issues</u>

**Plaintiffs' Statement:**
- The scope of Defendants legal duties to the Leffs regarding the creation and marketing of the COBRA and PICO tax shelters.
- The legal viability of the COBRA and PICO tax shelters.
- Whether Defendants breached their fiduciary duties and aided and abetted in the breach of fiduciary duties to the Leffs.
- Whether Defendants committed fraud, aided and abetted in fraud, or conspired to defraud the Leffs.
- Whether Defendants breached agreements with the Leffs and breached the implied covenant of good faith and fair dealing.

**Defendants' Statement:**  Deutsche Bank states that the principal legal issues include:
- Whether Plaintiffs have stated a claim upon which relief can be granted.
- Whether Plaintiffs' claims are barred by the disclaimers and exculpatory clauses contained in various contracts executed with Deutsche Bank as part of the tax strategies.
- Whether Plaintiffs' fraud-based claims are pled with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.
- Whether Plaintiffs' claims are barred by the applicable statutes of limitation.

F.  <u>Principal Factual Issues</u>

**Plaintiffs' Statement:**
- The role of Defendants in the creation and marketing of the COBRA and PICO tax shelters to the Leffs and others.
- Defendants' knowledge and awareness of the invalidity of the COBRA and PICO tax shelters.
- Whether Defendants intentionally, recklessly or negligently stated or failed to disclose material facts regarding the COBRA and PICO transactions to the Leffs.
- Whether the Leffs reasonably relied on the representations and omissions of Defendants.
- Whether Defendants conspired with other parties to obtain excessive fees for the illegal tax shelters.

- Defendants' role in the execution of the foreign options and foreign currency transactions underlying the COBRA and PICO tax shelters.
- The amount of the Leffs' damages.

**Defendants' Statement:**  Deutsche Bank states that the principal factual issues include:
- Plaintiffs' financial sophistication and awareness of the intended results of the various tax transactions.
- Plaintiffs' awareness of the risks attendant to entering into the various tax transactions.
- Plaintiffs awareness of and decision not to participate in tax amnesty programs.
- Whether Deutsche Bank did anything to mislead Plaintiffs.
- Whether Deutsche Bank's conduct caused Plaintiffs any damages.
- Plaintiffs' recoveries from settlements entered into with other parties related to the various tax transactions.

G.   Jury Trial:  The Leffs have requested a jury trial.  Deutsche Bank reserves its right to move to strike Plaintiffs' jury demand at an appropriate time.

H.   Discovery:  No discovery has been taken to date.  The parties anticipate using all permissible discovery methods.  The parties propose the following discovery schedule:

**Plaintiffs' Proposed Schedule:**

- Disclosure pursuant to Rule 26(a)(1) to be made by May 14, 2008.

- All fact discovery to be completed by February 27, 2009.

- Expert reports pursuant to Rule 26(a)(2):
  o   From Plaintiffs due March 20, 2009.
  o   From Defendants due March 20, 2009.
  o   Rebuttals due April 10, 2009.
  o   All expert discovery complete by May 8, 2009.

**Defendants' Proposed Schedule:**

As an initial matter, Deutsche Bank believes that all of Plaintiffs' claims are deficient and subject to dismissal.  Deutsche Bank therefore currently intends to file a motion to dismiss all of the claims asserted pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.  As a result, Deutsche Bank believes that it is premature to set any discovery schedule at this time because it would be inappropriate and inefficient for any discovery, including the exchange of Initial Disclosures, to occur until after the Court rules on Deutsche Bank's anticipated motion to dismiss.  Should any of Plaintiffs' claims survive Deutsche Bank's motion to dismiss, Deutsche Bank submits the following proposed schedule to commence following the Court's ruling on the

4

motion to dismiss (the "Trigger Date"):

- Disclosure pursuant to Rule 26(a)(1) to be made within twenty (20) days of the Trigger Date.

- All fact discovery to be completed within twelve (12) months of the Trigger Date.

- Expert reports pursuant to Rule 26(a)(2):

  o From Plaintiffs due fifteen (15) days following the close of Fact Discovery.

  o From Defendants due thirty (30) days following the close of Fact Discovery.

  o The Parties rebuttal reports, if any, shall be produced no later than sixty (60) days following the close of Fact Discovery.

  o All expert discovery, including expert depositions, shall be completed no later than four (4) months following the close of Fact Discovery.

- Deutsche Bank proposes that all dispositive motions be filed no later than thirty (30) days from the completion of all discovery.

I.   <u>Readiness for Trial and Length</u>:  Plaintiffs anticipate being ready for trial by May 25, 2009.

Plaintiffs estimate that trial is will take five to ten days.

Deutsche Bank proposes that trial be set nineteen (19) months from the Trigger Date.

Deutsche Bank estimates the length of the trial to be four (4) to six (6) weeks.

J.   <u>Magistrate Judge Consent</u>:  The parties do not unanimously consent to proceed before a

Magistrate Judge.

K.   <u>Settlement Discussions</u>:  Settlement discussions have begun.

L.   <u>Settlement Conference Request</u>:  The parties do not seek a settlement conference at this time.

Dated:  April 18, 2008

   */s/ Patrick J. O'Brien*
Patrick J. O'Brien                          David S. Pegno
O'Brien & O'Brien, P.C.                     Dewey Pegno & Kramarsky LLP
55 W. Wacker Drive, Suite 900               220 East 42nd Street
Chicago, Illinois 60601                     New York, NY 10017
Attorneys for Plaintiffs                    Attorneys for Plaintiffs


   */s/ Erin Ziaja*
Erin Ziaja                                  Seth C. Farber
Dewey & LeBoeuf LLP                         Benjamin Sokoly
Two Prudential Plaza, Suite 3700            Dewey & LeBoeuf LLP
180 North Stetson Avenue                    1301 Avenue of the Americas
Chicago, Illinois 60601                     New York, NY 10019
Attorneys for Defendants                    Attorneys for Defendants