# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JACK EDWARD BROOKS, ET AL. § | | |
| Plaintiffs § | | |
| § | | |
| V. § | No. 5:05CV160 | |
| § | | |
| LEHMAN BROTHERS, INC., ET AL. § | | |
| Defendants § | | |

### MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Lehman Brothers, Inc., Lehman Brothers Commercial Corp., Bruce Butler, Kevin Connor, Kevin Kemp, and Mark Stevenson (the "Lehman Defendants") filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

### BACKGROUND

On August 19, 2005, Plaintiffs filed this lawsuit against the Lehman Defendants and the Diversified Group Incorporated and its president James Haber (the "DGI Defendants"), seeking damages for claims arising out of a tax strategy described in their 102-page Original Complaint. Plaintiffs assert claims for declaratory judgment and unjust enrichment; breach of contract and breach of the duty of good faith; breach of fiduciary duty; fraud; negligence; negligent misrepresentation; breach of contract; declaratory judgment; and civil conspiracy.

The Lehman Defendants and the DGI Defendants filed separate motions to dismiss Plaintiff's lawsuit. The Lehman Defendants argued, among other things, that Plaintiffs completely waived in

writing "any claim against Lehman Brothers in the event of any tax liability, problem or issue should arise in connection with the Transactions" and further confirmed that they had "not relied on Lehman Brothers for any financial, tax or legal advice" and, instead, had "consulted with [their] own financial, tax and legal advisors." The Lehman Defendants also argued that certain of Plaintiffs' claims were barred by the applicable statutes of limitation.

## REPORT AND RECOMMENDATION

On August 24, 2006, the Magistrate Judge issued a Report and Recommendation, recommending the DGI Defendants' motion be granted and that Plaintiffs be ordered to arbitrate their claims against the DGI Defendants. The Magistrate Judge further recommended Plaintiffs' above-entitled and numbered cause of action against the DGI Defendants be stayed.

In addition, the Magistrate Judge recommended the Lehman Defendants' motion be granted as to the Morgan Plaintiffs' claims against the Individual Lehman Defendants and denied without prejudice as to the remainder of Lehman's motion. Specifically, the Magistrate Judge recommended the Morgan Plaintiffs' claims against Bruce Brier, Kevin Connor, Kevin Kemp, and Mark Stevenson be dismissed without prejudice. The Magistrate Judge further recommended Plaintiffs be ordered to replead with specificity claims three (breach of fiduciary duty), four (fraud), and six (negligent misrepresentation) of their complaint within 30 days of the filing date of the Order Adopting, if any, of the Report and Recommendation.

The Magistrate Judge rejected the Lehman Defendants' argument that Plaintiffs had executed unambiguous, broad waivers which, on their face, barred all of Plaintiffs' claims against the Lehman Defendants. Instead, the Magistrate Judge concluded that the scope of the waivers was ambiguous. The Magistrate Judge also denied as premature the Lehman Defendants' argument that Plaintiffs'

claims were barred by the applicable statutes of limitations.

## OBJECTIONS

Neither Plaintiffs nor the DGI Defendants filed objections to the Magistrate Judge's Report and Recommendation. As noted by the Magistrate Judge in the Report and Recommendation, failure to file written objections to the proposed findings and recommendations contained in the report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

The Lehman Defendants filed objections to the Magistrate Judge's recommendation that their motion to dismiss be granted in part and denied without prejudice in part. Specifically, the Lehman Defendants object to the Magistrate Judge's recommendations relating to the waivers and limitations. The Lehman Defendants argue that Plaintiffs unambiguously waived all of their claims against the Lehman Defendants. Additionally, the Lehman Defendants contend that as a result of Plaintiffs' disclaimers of reliance, Plaintiffs cannot sustain any reliance-based claims against the Lehman Defendants. Finally, the Lehman Defendants assert Plaintiffs' unjust enrichment, negligence, negligent misrepresentation, breach of contract, and civil conspiracy claims are barred by the statute of limitations as shown by multiple incidents where Plaintiffs were put on notice of their claims contained in the Complaint itself.

## *DE NOVO* REVIEW

The Court has reviewed the Report and Recommendation, the parties' briefing, and the

Lehman Defendants' objections. The Court is not convinced at this time that the language of the letters encompasses Plaintiffs' claims, resulting in an unambiguous waiver by Plaintiff of all of their claims asserted against the Lehman Defendants in this lawsuit. As stated by the Magistrate Judge, the Lehman Defendants are not precluded from raising the issue at a later date, if so warranted.

The Court further agrees with the Magistrate Judge that the issue of whether certain claims are time-barred is best considered in the context of a motion for summary judgment with the benefit of evidence. At this time, the Court is unwilling to conclude that Plaintiffs' claims for unjust enrichment, negligence, negligent misrepresentation, breach of contract, and civil conspiracy are time-barred by the applicable statute of limitations. Again, if so warranted, the Lehman Defendants may raise this issue with the Court after the parties have engaged in discovery.

In sum, the Lehman Defendants' objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that the DGI Defendants' Motion to Dismiss for Lack of Jurisdiction, Stay Proceedings and Compel Arbitration, or, in the Alternative, Dismiss the Complaint for Failure to State a Claim Upon Which Relief May be Granted (Dkt. No. 12) is **GRANTED**. It is further

**ORDERED** that Plaintiffs are ordered to arbitrate their claims against the DGI Defendants. It is further

**ORDERED** that Plaintiffs' above-entitled and numbered cause of action against the DGI Defendants is stayed. It is further

**ORDERED** that the Lehman Defendants' Motion to Dismiss (Dkt. No. 7) is **GRANTED**

as to the Morgan Plaintiffs' claims against the Individual Lehman Defendants and **DENIED WITHOUT PREJUDICE** as to the remainder of Lehman's motion. It is further

**ORDERED** that the Morgan Plaintiffs' claims against Bruce Brier, Kevin Connor, Kevin Kemp, and Mark Stevenson are **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that within thirty days from the date of entry of this Order, Plaintiffs shall replead with specificity claims three (breach of fiduciary duty), four (fraud), and six (negligent misrepresentation) of Plaintiffs' complaint.

**SIGNED this 20th day of September, 2006.**

                                                DAVID FOLSOM
                                                UNITED STATES DISTRICT JUDGE