# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMIHAI MIRON, AYALA MIRON, AM | : | CIVIL ACTION |
| PARTNERS, AM TUCKERSTOWN | : | |
| INVESTORS, INC., and AM | : | 04-968 |
| TUCKERSTOWN INVESTORS, LLC | : | |
| | : | |
| v. | : | |
| | : | |
| BDO SEIDMAN, L.L.P., ROBERT J. | : | |
| DUDZINSKY, DEUTSCHE BANK AG, | : | |
| DAVID PARSE, DEUTSCHE BANK | : | |
| SECURITIES, INC. d/b/a DEUTSCHE | : | |
| BANK ALEX BROWN, A DIVISION OF | : | |
| DEUTSCHE BANK SECURITIES, INC., | : | |
| RAGGI & WEINSTEIN, LLP & CPA'S & | : | |
| CONSULTANTS, and BOB RAGGI | : | |

<u>**ORDER**</u>

AND NOW, this 14th day of August, 2006, upon consideration

of Defendants' Deutsche Bank AG, Deutsche Bank Securities, Inc.,

and David Parse Motion to Dismiss (Doc. Nos. 92, 93), and all

responses and replies thereto (Doc. Nos. 96, 97), it is hereby

ORDERED that the motion is GRANTED in part and DENIED in part as

follows:

    (1)   the motion is GRANTED as to Plaintiff's First, Fourth,

            and Twelfth Claims, and those claims are DISMISSED;[1] and

    (2)   the motion is DENIED in all other respects.[2]

---

[1] Plaintiffs concede that dismissal of their claims for RICO liability for aiding and abetting and investing racketeering funds, as well as their state law claim for excessive fees, is appropriate as to the moving defendants.

[2] Plaintiffs initiated the instant suit to recover for alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1861 et seq. ("RICO"), and various state laws. Plaintiffs' claims are based on a tax avoidance strategy (the "COBRA Strategy") allegedly developed and marketed by Deutsche Bank AG, Deutsche Bank Securities, Inc., and David Parse ("DB Defendants") along with the other defendants. Plaintiffs allege, inter alia,

BY THE COURT:


s/J. Curtis Joyner
J. CURTIS JOYNER, J.

---

that DB Defendants wrongfully withheld material information, particularly with regard to the legality of the strategy.  DB Defendants, via the motion now before us, move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

In considering motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the district courts must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)(internal quotations omitted); see also Ford v. Schering-Plough Corp., 145 F.3d 601, 604 (3d Cir. 1998). Dismissal is warranted only "if it is certain that no relief can be granted under any set of facts which could be proved." Klein v. General Nutrition Companies, Inc., 186 F.3d 338, 342 (3d Cir. 1999)(citations omitted).

DB Defendants argue that the Private Securities Litigation Reform Act ("PSLRA") preempts Plaintiffs' claims because Plaintiffs allege fraud "in connection with" the sale or purchase of securities. See 15 U.S.C. § 78j(b); 18 U.S.C. § 1964(c).  DB Defendants argue that Plaintiffs allege that they were tricked into believing that certain investments they purchased – the FX Contracts – were securities.  We are not persuaded by this characterization of Plaintiff's claims, which merely mention in a footnote that the FX Contracts were not securities.  This does not amount to an affirmative allegation of fraud as to whether the FX Contracts were or were not securities.

DB Defendants further argue that because Plaintiffs, as part of the COBRA strategy, bought and sold shares of Lucent Technologies, Inc., that the alleged fraud gives rise to recovery only under the PSLRA.  While some district courts have agreed with this assessment, we are not satisfied that, merely by inserting a purchase and sale of stock at the end of a larger tax strategy, defendants can escape RICO liability.  Particularly at this early stage, with no development of the factual record, we are not willing to allow defendants to avoid liability merely by passing monies through the stock market.

DB Defendants also assert that Plaintiffs lack standing under RICO because any assertion of reasonable reliance on the alleged fraudulent statements is foreclosed by disclaimers in the FX Contracts.  We are not persuaded either that the FX Contracts can, by themselves, preclude any reliance on DB Defendants for the entirety of the COBRA scheme, or that Plaintiffs cannot, through any set of facts, show that the agreements are invalid or inapplicable.  We are further satisfied that Plaintiffs have sufficiently plead the other elements of a RICO claim and the remaining state law claims to survive DB Defendants' motion.